Good morning, Your Honors. My name is Eugenio Ramos, and together with my co-counsel, Evangeline Abreuil, before the petitioner, Ms. Constatina Mota, I would ask to reserve two minutes in rebuttal. Ms. Mota is asking this Court for reversal of the BIA decision finding her ineligible for cancellation or removal because of her 1990 misdemeanor conviction of California Penal Code Section 273D. The BIA and the immigration judge specifically found that Ms. Mota's misdemeanor conviction was a crime of domestic violence. Ms. Mota contends that this conviction was erroneously used to preterminate her claim for cancellation or removal because of the following four points. First, that Ms. Mota's 1990 misdemeanor conviction preceded the effective date of Section 237A2E of the Immigration Nationality Act. Now, if that conviction would not preclude cancellation of removal, the next event, I suppose, would be for us to grant your petition for review and remand the BIA for further proceedings, and then a determination would be made as to whether your client met the other factors. Is that kind of the way it would go? That's correct, Your Honor. And has the government indicated that, yes, they believe that's the way this case should turn out? That's correct, Your Honor. That's what I thought they had. And so what you're asking us to do is that. Is that correct? Yes. Well, I wonder if maybe we ought to hear from the government and see how they feel about all this. I mean, the law is pretty clear that the 1990 conviction should not be used to preclude a consideration of cancellation or removal. Yes, Your Honor. I mean, the government agrees with that, don't you? Yes, Your Honor. Well, I mean, we ought to hear from the government as to what the government thinks we ought to do here. Is that all right with you? That's all right, Your Honor. Save the rest of your time for a little bit. Why don't you reserve your time? I'll reserve my time, Your Honor. And then you can get back up and make any points that you want to after that, okay? Thank you. Good morning, members of the Court. I'm Paul Fiorina for the Respondent. Judge, you're absolutely correct. The government's position is that the Gonzales-Silva case supersedes the Board's decision. This case should be remanded to the Board for further proceedings on the merits of the cancellation of removal application. Now, apparently, we don't have a published decision from our Court setting forth that decision by the BIA panel, I guess it is. Is that correct? I'm not aware of any published decision yet. Oh, probably. We have two unpublished decisions that have said the same thing, but nothing published. By published, I mean nothing in the little book on the shelf. Yes, Your Honor, correct. Okay. Yes, so that's our position. This case should be remanded. Now, what further proceedings are going to take place? Well, on remand to the Board of Immigration Appeals, the petitioner would, I think, renew their application for cancellation of removal, and they would conduct a hearing to see whether or not she is eligible for cancellation based on that continuous physical presence for ten years, good moral character in, I think, the ten years preceding the application, and that her removal would constitute exceptional and extremely unusual hardship to a U.S. citizen dependent. And what is the government's position? Is it going to oppose cancellation? Well, we're not we have no position on the merits of that application because those merits haven't been heard. They've never been heard. No, because the judge pretermitted. What that basically means is she didn't even get a chance to make arguments as to those other points, so there's no evidence in the record about that. So was it you who asked for mediation of this? Yes, Your Honor. So what were you planning? Your issues you were planning to mediate were just the Gonzales-Silva issues and with the goal of remanding or were you planning on mediating the merits as well? Well, the mediation was targeted towards agreeing to terms of the cancellation application. We had so little time to actually look at that, so we decided that the thing to do would be to just take it off the calendar and give us a chance to look at that. On remand now we'll have time to work out a suitable agreement if we can. Like I said, the actual merits haven't been explored yet by the parties and by my client agency, so we don't know, but we certainly would love to have the chance to do that. Would you like to proceed through the Ninth Circuit mediation program? Yes, Your Honor. All right. So we'll also probably be issuing an order sending you to the Ninth Circuit mediation. Yes. All right. Thank you. Anything you want to add? Thank the Santa Clara University. They did a fantastic job on the brief. Mr. Ramos, would you like to make any more comments? So grant and remand, but order to mediation first is what you would like? Mr. Ramos, you can come back. Come back. You've got a nice-looking suit. You look like a good lawyer. We want to hear from you. So far you're winning. We agree, Your Honor. Nothing further? Okay. So just procedurally we would send you to mediation first, but we also need to publish an opinion probably in this area. So is any order acceptable to your client? Any order of proceeding? No, Your Honor. All right. Thank you, and thank you very much for your brief and your work in the University of Santa Clara and for you taking your time to supervise. Thank you very much. Thank you, Your Honors. All right. The case of Moda v. McCasey will be submitted.
judges: Thompson, Wardlaw, Moskowitz